**Francisco Javier SEGURA–PACHECO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72311.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 17, 2006 *.

Filed Jan. 11, 2007.

Judith A. Marty, Immigration Law Gender Rights Asylum Project, Fullerton, CA, for Petitioner.

Francisco Javier Segura–Pacheco, San Pedro, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Virginia Lum, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KENNEDY **, HALL and HAWKINS, Circuit Judges.

MEMORANDUM ***

Francisco Javier Segura–Pacheco ("Segura–Pacheco"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision affirming an Immigration Judge's ("IJ") denial of his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** The Honorable Cornelia G. Kennedy, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252(a)(1). We grant in part the petition for review and remand for reconsideration of Segura–Pacheco's withholding claim.

■ We lack jurisdiction to review the IJ's denial of Segura–Pacheco's asylum application as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ramadan v. Gonzales*, 427 F.3d 1218, 1221–22 (9th Cir.2005) (holding that this court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the United States and does not satisfy the exception for "changed circumstances"). We therefore dismiss this portion of the petition for review.

■ The IJ found Segura–Pacheco ineligible for withholding of removal because he failed to report his past persecution to a government authority. This court, however, has recently held it was legal error to require that an alien report past private persecution to the government before granting withholding. *Ornelas–Chavez v. Gonzales*, 458 F.3d 1052, 1057–58 (9th Cir. 2006). Rather, "an applicant who seeks to establish eligibility for withholding of removal under section 1231(b)(3) on the basis of past persecution at the hands of private parties the government is unwilling or unable to control need not have reported that persecution to the authorities if he can convincingly establish that doing so would have been futile or have subjected him to further abuse." *Id.* Because the IJ applied the wrong legal standard, we remand for reconsideration under the correct standard. *Id.; Reyes–Reyes v. Ashcroft*, 384 F.3d 782, 789 (9th Cir.2004).

■ Taking Segura–Pacheco's testimony as true, *see Smolniakova v. Gonzales*, 422 F.3d 1037, 1048 (9th Cir.2005), substantial evidence supports the IJ's finding that the petitioner failed to establish CAT eligibility. The evidence does not compel a finding that it is more likely than not that Segura–Pacheco would be tortured with the acquiescence of public officials if returned to Mexico. *See* 8 C.F.R. § 208.16(c)(2); *id.* § 208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003). We therefore deny this portion of the petition for review.

PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part and REMANDED. Each party shall bear its costs on appeal.